**IT IS HEREBY ORDERED** that the motion of defendant to dismiss is granted.

**IT IS FURTHER ORDERED** that the defendant's alternative motions for summary judgment and judgment on the pleadings are denied as moot.

**DAVE KOLB GRADING, INC.,** Plaintiff,

v.

**TERRA VENTURE BRIDGETON PROJECT JOINT–VENTURE,** et al., Defendants.

**No. 4:93CV578 CDP.**

United States District Court, E.D. Missouri, Eastern Division.

Feb. 1, 1995.

---

Marvin M. Klamen, of counsel, Jerome S. Kraus, Managing Partner, Goffstein and Kraus, Victor F. Rouse, Teithmann and Soebbing, St. Louis, MO, Joseph F. Devereux, Jr., Devereux and Murphy, Clayton, MO, for Dave Kolb Grading, Inc.

Lisa M. Wood, Associate, James J. Virtel, Partner, Armstrong and Teasdale, St. Louis, MO, Jonathan K. McCoy, Roy Bash, Shughart and Thomson, Kansas City, MO, for Terra Venture Bridgeton Project Joint–Venture, American Nat. Ins. Co., Bridgeton Development Co., Jack W. Isley, L. Gary Turner.

Jonathan K. McCoy, Roy Bash, Shughart and Thomson, Kansas City, MO, for Larry D. Ross.

## MEMORANDUM OPINION

PERRY, District Judge.

This matter is before the Court on plaintiff's request for attorneys' fees and prejudgment interest. By Memorandum Opinion dated December 19, 1994, the undersigned ruled that plaintiff is entitled to judgment in this matter in the amount of $88,121.81 on its contract claim, and that plaintiff is entitled to prejudgment interest and to attorneys' fees reasonably incurred in collecting this amount. The Court requested that the parties provide submissions on the appropriate rate and accrual date for the interest payments and provide any supplemental information they deemed appropriate on the request for attorneys' fees.

■ Plaintiff asserts that the rate provided in the parties' contract (1.5% per month) for interest on past due amounts should apply. Plaintiff asserts that the interest accrual should begin thirty days after the final invoice, or on October 12, 1991. Plaintiff calculates the total interest due as $51,551.37. Defendant does not object to the rate of interest or plaintiff's calculation of the amounts, but rather argues that defendant had a right to withhold payment under Article 15.2 of the contract and that, therefore, no payment was ever due, so that plaintiff would not be entitled to prejudgment interest. Article 15.2 of the contract provides that payments may be withheld on account of claims filed by third parties. Defendants argue that they reasonably withheld payment due under the contract because of their claim for payment related to the Hookerman litigation, which is discussed in more detail in the December 19th order. The undisputed evidence shows, however, that it was not until the first day of trial in July of 1994 that defendants ever offered to pay any portion of the amounts due to plaintiff, and then offered only approximately $38,000, some $50,000 less than the Court has awarded. The Court believes that defendants' argument that no amounts were ever due is far fetched at best.

In short, the Court agrees with plaintiff that it is entitled to prejudgment interest, and that that interest properly began to accrue thirty days after the last invoice. As defendants have not challenged the interest rate claimed or the calculation, the Court finds that plaintiff is entitled to prejudgment interest in the amount of $51,551.37.

■ With regard to the plaintiff's claim for attorneys' fees, defendants argue that plaintiff is not entitled to attorneys' fees because there was no "default in payment" and because, they contend, 100% of plaintiff's counsel's effort in this case was directed to recovering for extra work, a claim on which plaintiff did not prevail. Under the contract provisions defendants are obligated to pay the reasonable attorneys' fees and costs incurred in the collection of sums owed if default in payment is made. Defendants argue that they never defaulted because a legitimate dispute existed with regard to the Hookerman claims. The Court finds this argument to be without merit. Defendants never paid the amounts due, even those they admitted were due on the first day of trial, and the contract provision clearly allows for plaintiff to obtain recovery of its attorneys' fees and costs reasonably incurred in collecting amounts due under the contract. Accordingly, plaintiff will be entitled to reasonable attorneys' fees.

■ Defendants argue that the amount of attorneys' fees claimed, $62,391.59, is "an excessive, unreasonable amount," but do not provide any specifics of their objections, other than to allege that their own fees were substantially lower. Plaintiff's trial counsel's hourly rate of $170, is reasonable, as is the associate hourly rate of $135 and the paralegal rate of $30 to $60 per hour. Clearly some of plaintiffs effort was directed to collecting the total amount claimed in the lawsuit rather than simply the amounts that the Court has actually awarded, and plaintiff did not prevail on all theories it asserted. Because of the posture taken by defendants, however, it was necessary that this case proceed to trial for plaintiff to recover anything. Plaintiff necessarily expended effort in preparing for and participating in trial on the issues on which plaintiff prevailed. This ef-

fort would have to be expended on the issues on which plaintiff prevailed, regardless whether the "changed work" claims had been litigated. Having reviewed the billings and the amount of time expended, as well as the amount of time taken in trial, the Court believes that the trial time and preparation time was somewhat increased because of the extra work issues. Although those issues are closely intertwined with the issues on which plaintiff prevailed, some reduction in the amount claimed is appropriate to reflect the fact that plaintiff did not prevail on all issues. The Court will therefore reduce the amounts claimed by 20%, based on the Court's conclusion that plaintiff would have reasonably expended 80% of the total time on the issues on which plaintiff did prevail. Accordingly, the Court will award attorneys' fees for the principal amount of $49,741.20 and costs in the amount of $215.09.

The Court will this date enter judgment in the amount of $88,121.81, plus prejudgment interest in the amount of $51,551.37, plus attorneys' fees and costs in the amount of $49,956.29. A separate judgment to that effect is entered this date.